MARVIN, Judge.
This appeal presents the same legal issue raised in Langford v. Cahn Elec. Co., Inc., 403 So.2d 833 (La.App. 2d Cir.1981).
Cornet, like Langford, an employee of the appellant corporation, was paid an annual bonus and was required to contribute 70 percent of each bonus to the investment fund. Cornet quit his job and sued for the amounts he contributed to the plan.
The employer urges that we should reconsider and overrule Langford, because we did not have the opportunity to do so on a rehearing of that case, and because we “seriously misconstrued the rationale and holding of Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1976)
The employer does not argue here, as it did in Langford that the bonuses paid were not earned, but apparently now concedes that the bonuses, from which Cornet and Langford made the required 70 percent contribution to the plan, were earned by, and were paid to, the employee for past services rendered the employer. This is the pivotal question in our opinion.
We noted in Langford that Morse emphasized the fact that Morse was fired by his employer, but observe that Morse also emphasized that the bonus or award credited to Morse had been irrevocably set aside and that the employer was obligated to pay him the remaining portion of the amounts “awarded” Morse. The Cahn plan is different and we need not speculate what the Morse result would have been if Morse had voluntarily terminated his employment.[1] The Morse plan can be read to say that Morse would not fully earn the award until he remained with his employer for four years after the award was made.
Professor LeVan notes the obvious distinction between this plan and the Morse plan in his most recent comment:
“We have had some problem with Morse particularly as it relates to highly compensated employees. One can read the plan in Morse to say that the bonus was not earned until completion of future employment. In Langford, however, the bonus was earned, taxed and then recon-tributed. Like it or not the Supreme Court has spoken forcefully on this issue and the Second Circuit seems to have listened. Perhaps current bonus plans should be reviewed and perhaps revised by the insertion of some vesting schedule which answers the pivotal question: when was the compensation ‘earned?’ ” Vol. 8, NO. 4, La. Estate Planner, at p. 251 (August 1982).
In Langford, we said:
“Nothing we have said here prevents an employer from designing and contributing directly to an employee retirement plan which contains the scheme of deferring compensation and vesting of credits based on longevity and continuity of service. We hold only that an employer may not pay an employee a bonus, which is taxable to the employee, and is for past services rendered, and contractually require that employee to contribute a portion of that bonus to a common fund and to forfeit that contribution if the employee terminates his employment for any reason other than death, disability, or retirement before a stated age.” 403 So.2d at p. 838.
At appellant’s cost, the judgment is AFFIRMED.
SEXTON, J., dissents with written reasons.

. In Morse, the employer made no contributions to the employee, but contributed directly to the plan.